

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2005

# Grossberg v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2397

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Grossberg v. Comm Social Security" (2005). *2005 Decisions.* Paper 1419.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1419

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2397

———

MICHAEL GROSSBERG

Appellant

v.

JO ANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cv-4900)
District Judge: Honorable Faith S. Hochberg

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2005

Before: SCIRICA, Chief Judge, ROTH, and VAN ANTWERPEN, Circuit Judges.

(Filed March 29, 2005)

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

Appellant Michael Grossberg seeks review of an April 29, 2004 District Court order denying

his April 2, 2004 motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412(d)(1)(A). Grossberg, a social security disability claimant, "prevailed" against the

United States within the meaning of EAJA § 2412(d)(1)(A) when the District Court earlier reversed an adverse final decision entered by the Commissioner of the Social Security Administration ("Commissioner") on Grossberg's underlying disability claim. In denying Grossberg's subsequent motion for fees, the District Court determined the Commissioner's agency and litigation positions were "substantially justified" under applicable law within the meaning of EAJA. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we conclude the Commissioner's agency and litigations positions were not substantially justified, we will reverse and remand for an award of attorney's fees.

## I. Facts

On January 20, 1999, Grossberg filed an application for a period of disability and disability insurance benefits, alleging that he suffered from tendinitis in his shoulder, obesity, depression and a personality disorder. After a May 8, 2001 hearing, an ALJ issued a partially favorable ruling, determining that Grossberg was entitled to benefits for the period July 15, 1998 to September 30, 2000. However, the ALJ also found that Grossberg was capable of performing work at the medium exertional level and that while he suffered from nonexertional limitations, they had no greater impact than limiting him to unskilled work. Based on those determinations and the fact that Grossberg was a "younger individual" with a high school education and no transferable work skills, the ALJ applied the grids set forth at 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No.3, Rule 203.29, which directed a conclusion of "not disabled." The Appeals Council affirmed, rendering the ALJ's determination the final decision of the Commissioner.

On October 10, 2002, Grossberg challenged the Commissioner's final decision in District Court. On March 23, 2004, the District Court remanded the case to the ALJ, ordering that

2

Grossberg's claim be reviewed in accordance with Sykes v. Apfel. 228 F.3d 259 (3d Cir. 2000) (holding that medical-vocational guidelines are inapplicable when determining the disability status of claimants suffering from nonexertional limitations). Now, in support of his appeal from the District Court's denial of his motion for prevailing party fees under EAJA §2412(d)(1)(A), Grossberg contends that because the Commissioner took positions inconsistent with the holding of Sykes, those positions were not "substantially justified" under EAJA and that he is therefore entitled to attorney's fees under the Act. Grossberg seeks $3,419.00 in attorney's fees for work performed before the District Court.

## II. Standard of Review

This court reviews the District Court's denial of attorney's fees for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 559 (1988); Morgan v. Perry, 142 F.3d 670, 682-83 (3d Cir. 1988). An abuse of discretion occurs when a district court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993). A trial judge's conclusions on questions of law are subject to plenary review. Washington v. Heckler, 756 F.2d 959, 962 (3d Cir. 1986)

## III. Analysis

An inquiry regarding an EAJA fee application should be guided by the Supreme Court's evaluation of the policy underlying EAJA:

> Concerned that the Government, with its vast resources, could force citizens into acquiescing to adverse Government action, rather than vindicating their rights, simply by threatening them with costly litigation, Congress enacted the EAJA, waiving the United States' sovereign and general statutory immunity to fee awards and creating

3

> a limited exception to the 'American Rule' against awarding attorney's fees to prevailing parties.

Pierce v. Underwood, 487 U.S. 552, 575 (Brennan, J., concurring in part and concurring in the judgment). Moreover, the law applicable to a determination of entitlement to fees under EAJA is already well-settled. A prevailing party is entitled to attorney's fees unless "the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The "position" of the United States includes its litigation position in federal court as well as any agency position that preceded and necessitated the litigation. Washington, 756 F.2d at 960; Natural Resources Defense Council v. EPA, 703 F.2d 700 (3d Cir. 1983). The burden of proving substantial justification rests with the government. Washington, 756 F.2d at 960. In order to meet its burden, "the government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Id.

The prevailing party is not entitled to attorney's fees solely because the government loses the underlying case. Dougherty v. Lehman, 711 F.2d 555, 566 (3d Cir. 1983). When (as here) the case turns on a question of law, the government will usually be able to show that its position was reasonable provided that the question of law is close. Washington, 756 F.2d at 961-62. However, when the government's legal position "clearly offends established precedent . . . its position cannot be said to be 'substantially justified.'" Id. Thus, "for the government, in relying entirely upon a legal argument, to establish that its position was substantially justified, it must demonstrate that that argument presented an unsettled or close question of law." Lee v. Johnson, 799 F.2d 31, 38 (3d Cir. 1986).

4

Applying these principles here, if the Commissioner's argument about the scope of the <u>Sykes</u> decision can be construed as presenting a close or unsettled question of law, Grossberg's claim for EAJA fees must fail. On the other hand, Grossberg is entitled to EAJA fees if the Commissioner's argument offended established precedent. For the reasons that follow, we believe the latter is true here.

In <u>Sykes v. Apfel</u>, this court squarely held that "[i]n the absence of evidence in addition to the Guidelines . . . the Commissioner cannot establish that there are jobs in the national economy that someone with the claimant's combination of impairments can perform." 228 F.3d at 273. The effect of this decision was to require the ALJ to use "the testimony of a vocational expert or other similar evidence, such as a learned treaty," to establish that a claimant who suffers from nonexertional impairments is able to work. <u>Id.</u> Here, the ALJ simply stated that Grossberg's "mental impairment has had no greater impact than limiting him to performing the type of simple tasks associated with unskilled work." Tr. at 15. Based on this conclusion, the ALJ used the Guidelines, or "grids," to establish that there were jobs that the Grossberg was able to perform. This is in clear contradiction to the holding of <u>Sykes</u>, which prohibited the ALJ from relying solely on the grids when the claimant manifested nonexertional limitations. <u>Sykes</u>, 228 F.3d at 273. Thus, the position of the administrative agency cannot be said to have been "substantially justified." 28 U.S.C. § 2412(d)(1)(A). This conclusion is an independently sufficient ground upon which to award attorney's fees to Grossberg. <u>Washington</u>, 756 F.2d at 961.

This conclusion is reinforced by the Commissioner's position on appeal. In response to Grossberg's challenge of the ALJ's opinion, the Commissioner offered a post hoc justification of the ALJ's decision. The Commissioner argued that the ALJ's use of the grids was proper because he

determined that the claimant's nonexertional limitations did not affect his ability to perform unskilled work. In essence, the Commissioner argued that Sykes' restriction can be ignored whenever the ALJ determines that the claimant's nonexertional limitations will not impact his ability to perform unskilled work. We find this argument to be patently inconsistent with the purpose of Sykes.

Most importantly, Sykes flatly ruled that the grids "do not purport to establish jobs that exist in the national economy at the various functional levels when a claimant has a nonexertional impairment." 228 F.3d at 269. This means that whenever an individual suffers from nonexertional limitations, the grids are inapplicable. The ALJ cannot decide that the nonexertional limitation is sufficiently captured by, *inter alia*, the relevant occupational base, the skill level of the potential work, or similar considerations. Instead, if an individual suffers from a nonexertional limitation, Sykes prohibits the Commissioner from applying the grids to determine disability. Id. at 274. By arguing that the unskilled nature of possible jobs can fully account for a nonexertional limitation, the Commissioner took an unjustified position, specifically that the grids *can* establish the existence of jobs when the claimant has a nonexertional impairment. This is contrary to Sykes.

A good faith argument for an expansion of existing precedent may very well be substantially justified. However, in this case, we believe that the Commissioner's argument was irreconcilable with Sykes, which instructs that an ALJ cannot rely on the grids to reach a disability determination in circumstances where a claimant possesses nonexertional limitations. There are sound policy reasons behind this conclusion, particularly that an approach to the contrary would deprive a claimant of his or her guaranteed individualized determination with respect to disability. See 42 U.S.C. § 423(d)(2)(A); Heckler v. Campbell, 461 U.S. 458, 467 (1983). The Commissioner, while

6

acknowledging <u>Sykes</u>, argued that the ALJ was justified in relying on the grids despite the fact that Grossberg had a nonexertional limitation. That argument, without more, "offends established precedent" severely enough to run afoul of the reasonableness requirement of EAJA. <u>Washington v. Heckler</u>, 756 F.2d 959, 962 (3d Cir. 1985). It also stands in the face of EAJA's purpose, which is to insure that legal costs do inhibit citizens from contesting government decisions in contexts such as social security benefits. <u>See, e.g., Pierce v. Underwood</u>, 487 U.S. 552, 575 (Brennan, J., concurring in part and concurring in the judgment).

The Commissioner's position lacking substantial justification, the order of the District Court denying fees will be reversed and the case is remanded for determination of an appropriate attorney's fee under EAJA.